| | |
|---|---|
| 1 | Robert A. Bleicher (Bar No. 111334) |
| 2 | rbleicher@carr-mcclellan.com<br>CARR McCLELLAN P.C. |
| 3 | 216 Park Road<br>P.O. Box 513 |
| 4 | Burlingame, California 94011-0513<br>Telephone:  (650) 342-9600 |
| 5 | Facsimile:  (650) 342-7685 |
| 6 | Attorneys for Defendants<br>Select Portfolio Servicing, Inc. and National Default Servicing |
| 7 | Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | LIZETTE GONZALEZ, | Case No. |
| 13 | Plaintiff, | **NOTICE OF REMOVAL** |
| 14 | v. | |
| 15 | SELECT PORTFOLIO SERVICING, INC.; | |
| 16 | JPMORGAN CHASE BANK, N.A.;<br>U.S. BANK, N.A.; | |
| 17 | NATIONAL DEFAULT SERVICING<br>CORPORATION, | |
| 18 | | |
| 19 | Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corporation ("NDSC") hereby remove to this Court the State Court Action described below.

1.  On July 29, 2015, an action entitled *Lizette Gonzalez v. Select Portfolio Servicing, Inc., et al*, Case No. CI5-01287, was commenced in Contra Costa County Superior Court. A copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Pendency of Action, and Notice of Case Management Conference in *Gonzalez v. Select Portfolio Servicing* is attached as **Exhibit A.**

1     2.     SPS and NDSC were served on August 6, 2015 and August 7, 2015 respectively. True and correct copies of the Notice of Service on SPS and NDSC are attached as **Exhibits B and C**.

    3.     Pursuant to 28 U.S.C. §§ 1446(b) and (c), this Notice has been timely filed because it is being filed within 30 days of defendant's receipt of the Complaint and within 1 year of the commencement of the State Court Action.

    4.     As of the date of this Notice, SPS and NDSC have not filed an answer or otherwise responded to the Complaint, nor have they been served with any responsive pleadings from any other named defendant. Accordingly, SPS and NDSC are informed and believe that the Summons, Complaint, Civil Case Cover Sheet, Notice of Pendency of Action, and Notice of Case Management Conference attached hereto as Exhibit A constitute all process, pleadings, and orders in the State Court Action that were served on SPS and NDSC.

    5.     The Superior Court has scheduled a Case Management Conference on December 16, 2015. It has not otherwise scheduled or conducted any hearings as of the date of this Notice.

    6.     Pursuant to 28 U.S.C. § 1446(d). SPS and NDSC will promptly give written notice of the removal of the State Court Action to all adverse parties and will file a copy of this Notice with the Clerk of the Contra Costa Superior Court.

    7.     The undersigned obtained JPMorgan Chase's consent to this removal through its counsel, Chad Brandel of PIB Law.

Venue

    8.     Pursuant to 28 U.S.C. § 1441(a), the United states District Court for the Northern District of California—San Francisco/Oakland Division is the proper venue for the removed State Court Action because it is in the judicial district and division in which the State Court Action is pending.

Diversity Jurisdiction

    9.     Plaintiff is a citizen of California. Complaint ¶ 1.

    10.     Defendant SPS. is a Utah Corporation with its principal place of business in Utah. Therefore, SPS is a citizen of Utah. 28 U.S.C. § 1332(c)(1).

1    11.  Defendant NDSC is an Arizona corporation with its principal place of business in
2    Phoenix, Arizona. 28 U.S.C. § 1332(c)(1).

3    12.  Defendant JPMorgan Chase is a national banking association licensed by the
4    Office of the Comptroller of the Currency (OCC), U.S. Department of Treasury, on November
5    13, 2004, with its main office in Columbus, Ohio. The Ninth Circuit has held that under 28
6    U.S.C. § 1348, "a national bank is a citizen only of the state in which its main office is located."
7    *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Since JPMorgan Chase's
8    main office is located in Ohio, it is a citizen of Ohio for diversity purposes.

9    13.  Because Plaintiff is a citizen of California and none of the Defendants is a citizen
10   of California, there is complete diversity of citizenship among the parties.

Amount in Controversy Exceeds $75,000

12   14.  Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds
13   $75,000, inclusive of interest and costs. Specifically, in addition to seeking monetary damages
14   for emotional distress, economic losses, and statutory violations, Plaintiff seeks to an order to
15   enjoin the foreclosure sale of the real property located at 216 Raye Ave #220 Oakley, California
16   94561 (the "Property"). It is settled law that in actions seeking declaratory or injunctive relief,
17   the amount in controversy is measured by the value of the object of the litigation. *See Cohn v.*
18   *Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Where a party specifically seeks to enjoin a
19   foreclosure sale, as is the case in Plaintiff's Complaint, "the value of the property is the object of
20   the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *5 (N.D. Cal. 2010); *see*
21   *also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). The value of the
22   Property exceeds $75,000 as evidenced by the fact that it was used to secure a $420,000. (*See*
23   Request for Judicial Notice, Exhibit A; Complaint ¶ 13.)

24   15.  Accordingly, this Court would have original jurisdiction under 28 U.S.C. § 1332 if
25   the Complaint had been filed in this Court, which makes removal is proper under 28 U.S.C.
26   §1441(a).

Conclusion

28   16.  Because Plaintiffs and Defendants are citizens of different states, and the amount

in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants request that the action now pending before the Superior Court of California, County of Contra Costa, Civil Action No. C15-01287 be removed to this Court.

Dated: August 21, 2015                                       CARR McCLELLAN P.C.

By: /s/ Robert A. Bleicher
Robert A. Bleicher
Attorneys for Defendants
Select Portfolio Servicing, Inc. and National Default Servicing Corporation