# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)** SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SELECT PORTFOLIO SERVICING, INC.; JPMORGAN CHASE
BANK, N.A.; U.S. BANK, N.A.; NATIONAL DEFAULT SERVICING
CORPORATION; and DOES 1 through 50, inclusive,

FILED
2015 JUL 29  A 11: 09

CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: _____

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIZETTE GONZALEZ

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Contra Costa County Superior Court<br><br>725 Court St.<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):* **15 - 01287** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marc Applbaum, 2150 W. Washington Street, Suite 104 San Diego, CA 92110 Tel: (619) 756-7300

| DATE:<br>*(Fecha)* JUL 29 2015 | Clerk, by<br>*(Secretario)* D. WEBER | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A

**Kettner Law Corporation**
Marc Applbaum (SBN 222511)
2150 West Washington St. Suite 104
San Diego, CA 92110
Tel: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlawcorp.com

Attorney for Plaintiff,

FILED

2015 JUL 29  A 11: 07

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY:_____ DEPUTY CLERK

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT._____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

### C 15 - 01287

| | |
|---|---|
| LIZETTE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.;<br>JPMORGAN CHASE BANK, N.A.; U.S.<br>BANK, N.A.; NATIONAL DEFAULT<br>SERVICING CORPORATION; and DOES 1<br>through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. **VIOLATION OF HOMEOWNER BILL OF RIGHTS**<br>2. **STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**<br>3. **COMMON LAW UNFAIR COMPETITION**<br>4. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>5. **NEGLIGENCE**<br>6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>7. **FOR DECLARATORY RELIEF**<br>8. **FOR INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED<br><br>*By Fax* |

Plaintiff, LIZETTE GONZALEZ, declares as follows:

- 1 -

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

## PARTIES

1.     Plaintiff, LIZETTE GONZALEZ, ("Plaintiff") is, and at all times relevant to the facts herein was, an individual residing in real property commonly known as **216 Raye Ave. #220, Oakley, CA 94561** ("subject property") located in the County of Contra Costa, in the State of California. Plaintiff is also the administrator of the Perez Estate in which the property is held.

2.     Plaintiff is informed and believes and based thereon alleges that Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") is, and at all times relevant to the facts herein was, a corporation, registered in the state of California, doing business in the County of Contra Costa, State of California as a loan servicer.

3.     Plaintiff is informed and believes and based thereon alleges that Defendant JPMORGAN CHASE BANK, N.A. ("CHASE") is, and at all times relevant to the facts herein was, a national association, registered in the state of California, doing business in the County of Contra Costa, State of California as a previous loan servicer.

4.     Plaintiff is informed and believes and based thereon alleges that Defendant U.S. BANK, N.A. ("USB") is, and at all times relevant to the facts herein was, a national association, registered in the state of California, doing business in the County of Contra Costa, State of California as a loan investor and Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC.

5.     Plaintiff is informed and believes and based thereon alleges that Defendant NATIONAL DEFAULT SERVICING CORPORATION ("NDS") is, and at all times relevant to the facts herein was, a corporation, registered in the state of California, doing business in the County of Contra Costa, State of California as a trustee.

6.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiff who sues each Defendant by such fictitious names. Plaintiff is informed and believe and based thereon allege each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, were responsible for events and happenings referred to herein, either contractually or

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

1   tortuously. When Plaintiff ascertains the true names of capacities of DOES 1 through 50, she will
2   amend this complaint accordingly.
3          7.      Plaintiff is informed and believes and based thereon alleges that Defendants and
4   each of them, are, and at all times herein were, the agents, joint ventures, officers, members,
5   representatives, servants, consultants or employees of their co-defendants, and in committing the
6   acts herein allege, were acting within the scope of such affiliation with knowledge, permission,
7   consent or subsequent ratification of their co-defendants.
8
9                          **JURISDICTION AND VENUE**
10         8.      This Court has subject matter jurisdiction over this matter as the Subject Property
11  is located in the County of Contra Costa, in the State of California.
12         9.      In addition, this Court has subject matter jurisdiction over the claims raised herein
13  pursuant to *California Constitution* Article VI, section 10, which grants this Court "original
14  jurisdiction in all causes except those given by statute to other trial courts."
15         10.     Defendants herein purposefully directed their activities to the State of California.
16  As a result, Defendants caused an event or events to occur in California, and more particularly in
17  the County of Contra Costa, out of which this action arises and which form the basis of this action.
18         11.     Defendants either are entities duly licensed to do business in the State of California
19  or are entities that regularly conduct business within this judicial district within California.
20         12.     Venue is proper for this Court since the Subject Property (described below) is
21  located in the County of Contra Costa and because events or events out of which this action arises
22  and which form the basis for this action arise in the County of Contra Costa.
23
24                     **GENERAL AND FACTUAL ALLEGATIONS**
25         13.     On or about October 7, 2005, Plaintiff's mother, Ruby Perez, financed the Subject
26  Property for $420,000.00. As evidence of the loan, Ruby Perez executed a promissory note
27  ("Note"), and concurrently executed Deed of Trust ("Deed of Trust") as security for the Note.
28

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

1    The Deed of Trust for the Subject Property was recorded as Instrument No. 2005-0400594 in the
2    Official Records of the Contra Costa County Recorder's Office. The named Trustee in the Deed
3    of Trust was Fidelity National Title Insurance Company. The named Lender in the Deed of Trust
4    was Encore Credit Corp.

5         14.   Subsequently, Plaintiff's mother passed away. The property remained part of the
6    Perez Estate, of which Plaintiff was and is the administrator.

7         15.   On or about October 20, 2006, the Subject Property was granted to Plaintiff via
8    Quitclaim Deed from Ruby Perez. The Quitclaim Deed was recorded on or about February 9,
9    2009 as Document No. 2009-0025452 in the Official Records of the Contra Costa County
10   Recorder's Office.

11        16.   Plaintiff, like many other American homeowners, began experiencing financial
12   hardship as a result of the recession and fell behind on her loan repayments. Plaintiff immediately
13   began contacting CHASE to explore any and all available options to get caught up with her
14   mortgage payments, specifically seeking a loan modification.

15        17.   On or about August 3, 2012, Defendants caused to be recorded an Assignment of
16   Deed of Trust. The Assignment of Deed of Trust purported to transfer the beneficial interest under
17   the Deed of Trust to Defendant USB. The Assignment of Deed of Trust was recorded as
18   Document No. 2012-0186528 in the Official Records of the Contra Costa County Recorder's
19   Office Records.

20        18.   On or about August 7, 2012, Rachel Silverman, purporting to be an agent of Ndex
21   West, LLC, alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of
22   Default and Election to Sell Under Deed of Trust ("NOD") in the Official Contra Costa County
23   Recorder's Office Records as Document No. 2012-0189055.

24        19.   Initially CHASE seemed very helpful, assisting Plaintiff in submitting all
25   documents necessary to be reviewed for modification. However, Plaintiff quickly discovered
26   CHASE's true intentions were not to help her at all. Rather, CHASE left Plaintiff in the dark
27   regarding the status of the home and confused as to whether home retention was a possibility.

28

EXHIBIT A

1    20.    Despite Plaintiff's due diligence, CHASE refused to communicate. CHASE failed
2    to provide Plaintiff with any status updates, informing Plaintiff that she had no right to the
3    property nor the right to negotiate work out options. Plaintiff provided CHASE with copies of the
4    recorded Quitclaim Deed showing she was the vested owner of Subject Property, but CHASE
5    still refused to offer assistance.

6    21.    On or about May 16, 2013, Tanna Vazquez, purporting to be an agent of Ndex
7    West, LLC, alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of
8    Trustee's Sale. The Notice of Trustee's Sale was recorded as Document No. 2013-0125387 in the
9    Official Contra Costa County Recorder's Office Records.

10    22.    Subsequently, the servicing of Plaintiff's loan was transferred from CHASE to
11    SPS. Plaintiff immediately contacted SPS to apply for a loan modification.

12    23.    Plaintiff followed all instructions asked of her by SPS, submitting all documents
13    in a timely and complete manner. SPS consistently lost documents and failed to confirm receipt
14    when Plaintiff resubmitted her application.

15    24.    At one point, SPS informed Plaintiff that her application was complete and in
16    review, only to come back months later stating the application had been cancelled for missing
17    documents.

18    25.    After months of futile contact, Plaintiff was finally informed that her application
19    was complete and in review.

20    26.    On or about May 8, 2014, Defendants caused to be recorded a Substitution of
21    Trustee. The Substitution of Trustee purported to replace the original trustee under the Deed of
22    Trust with Defendant, NDS. The Substitution of Trustee was recorded as Document No. 2014-
23    0072964 in the Official Records of the Contra Costa County Recorder's Office.

24    27.    On or about May 8, 2014, Helen Rayburn, purporting to be an agent of NDS,
25    alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Default and
26    Election to Sell Under Deed of Trust ("NOD") in the Official Contra Costa County Recorder's
27    Office Records as Document No. 2014-0072965.

28

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

28.     Plaintiff alleges that SPS dual tracked her home into foreclosure while she was under loan modification review as SPS instituted foreclosure proceedings. When Plaintiff contacted SPS to inquire as to why a NOD was recorded while she was in review, she was told that the NOD was simply a formality and to sit tight while her application was reviewed.

29.     During this time, Plaintiff's "assigned" representative at SPS changed on multiple occasions. Upon each change, Plaintiff received the same lack of assistance and communication. An uncommunicative single point of contact does not satisfy the requirement under Cal. Civil Code 2923.7.

30.     As a result, Plaintiff contacted SPS and requested that she be appointed a single point of contact whom she could regularly call for updates on her status and would actually be knowledgeable and familiar with her file. Plaintiff's calls continued to go unanswered and ultimately, a responsive single point of contact was never assigned.

31.     On or about September 17, 2014, Julia Sutter, purporting to be an agent of NDS, alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Trustee's Sale ("NTS"). The Notice of Trustee's Sale was recorded as Document No. 2014-0158193 in the Official Contra Costa County Recorder's Office Records.

32.     Only after the recording of the NTS was Plaintiff informed that more documents were needed, documents that Plaintiff already submitted but had expired due to SPS's extensive review period.

33.     On or about May 8, 2015, Lana Kacludis, purporting to be an agent of NDS, alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Trustee's Sale. The Notice of Trustee's Sale was recorded as Document No. 2015-0089755 in the Official Contra Costa County Recorder's Office Records.

34.     SPS continues to set sale dates despite Plaintiff's good faith efforts to be reviewed for assistance.

35.     Defendants failed in their obligations to both offer meaningful assistance to Plaintiff prior to the Notice of Default and meeting communication requirements once Plaintiff

EXHIBIT A

1   was able to submit a request. Further, Defendants did not offer Plaintiff a meaningful review as
2   required by California law.

3       36.     Defendants are actively moving toward foreclosure of the home and took clear
4   steps to satisfy this state's requirements toward a non-judicial foreclosure, including recording a
5   notice of default and notice of trustee's sale.

6       37.     Plaintiff now faces the loss of the Subject Property, as well as lost the opportunity
7   to pursue foreclosure prevention options that she would have pursued but for the Defendant's
8   violation of California *Civil Code* section 2924 *et. seq.* Defendants violated communication
9   requirements under the California Homeowners Bill of Rights and failed to rescind the Notice of
10  Default to remedy said violations.

11      38.     Consequently, Plaintiff is informed and believes and based thereon alleges that the
12  negotiations were not in good faith, and were a mere "smoke screen" for use by defendant to lull
13  Plaintiff into a state of complacency while her home is foreclosed on and taken from her.

14      39.     By way of this Complaint, Plaintiff seeks a temporary restraining order, followed
15  by a preliminary injunction, enjoining Defendants from selling Plaintiff's Property at auction.
16  Plaintiff also seeks damages for Defendants blatant violation of the requirements of California
17  Civil Codes §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, 2924.12.

18

19                      **FIRST CAUSE OF ACTION**
20          **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS**
21                       (Against ALL Defendants)

22      40.     By this reference, Plaintiff incorporates each and every fact alleged in paragraphs
23  1 through 39 above, as though fully set forth herein.

24      41.     The Homeowner Bill of Rights consists of a series of related bills including two
25  identical bills that were passed on July 2, 2012 by the state Senate and Assembly: AB 278 (Eng,
26  Feuer, Pérez, Mitchell) and SB 900 (Leno, Evans, Corbett, DeSaulnier, Pavley, Steinberg). Both

27

28

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

1  of which ultimately give rights back to borrowers and create a system in which banks can be held

2  accountable for pursuing their own interests above the borrowers.

3      42.    Lenders are now legally obligated to ensure a borrower receives "meaningful"

4  opportunity to be considered for any and all options available to avoid foreclosure. It also

5  guarantees struggling homeowners a single point of contact at their lender with knowledge of

6  their loan and direct access to decision makers, and imposes civil penalties on fraudulently signed

7  mortgage documents.

8      43.    California Civil Code section 2924.18 prohibits a mortgage servicer from

9  commencing or continuing the foreclosure process (i.e. recording a NOD or NTS, or conducting

10 a trustee's sale) pending a completed review of a loan modification application submitted by a

11 borrower and until after the borrower has been provided with a written decision about eligibility

12 for a loan modification.

13     44.    Plaintiff alleges that Defendants continued the foreclosure process while

14 claiming she was in review for a loan modification. On multiple occasions, Defendants assured

15 Plaintiff that her complete loan modification application had been received and was in review.

16 During this time, Plaintiff received both a Notices of Default and a Notice of Trustee's Sale.

17 Following, Defendants gave unjustified excuses stating Plaintiff application was cancelled or

18 that documents had not been received, despite contrary confirmations previously given. ·

19     45.    California Civil Code section 2923.7 provides that upon the request of a

20 foreclosure prevention alternative, the mortgage servicer "shall promptly establish a single point

21 of contact and provide the borrower one or more direct means of communication with the single

22 point of contact."

23     46.    Despite Plaintiff's request for assistance with an alternative to foreclosure, the

24 numerous representatives at SPS and CHASE that Plaintiff spoke with were unable and/or

25 unwilling to help and consistently gave Plaintiff vague answers to questions. Said

26 representatives failed to offer adequate assistance to Plaintiff including further instructions and

27

28

EXHIBIT A

1  status updates regarding her application for assistance. It quickly became apparent to Plaintiff

2  that she was not speaking to anyone involved with the decision to foreclose on her home.

3      47.    Per California Civil Code 2923.6, if a loan modification application is denied, a

4  mortgage servicer is required to send a borrower written notice identifying the reasons for

5  denial, including (1) timing and instructions for requesting an appeal; (2) if applicable, reasons

6  for investor disallowance of the loan modification; (3) information related to net present value

7  calculation, if denial was based on this calculation; (4) if applicable, a finding of a prior failed

8  loan modification; and (5) a description of other foreclosure prevention alternatives for which

9  the borrower may be eligible.  A mortgage servicer must provide a borrower at least 30 days

10 from the date of a written denial to appeal the denial and provide evidence that the mortgage

11 servicer's determination was in error.

12     48.    Plaintiff alleges that she was not formally declined by mail or phone.

13     49.    California Civil Code section 2923.55 provides the following: "a mortgage

14 servicer shall send the following information in writing to the borrower…

15              (B) A statement that the borrower may request the following:

16                   (i) A copy of the borrower's promissory note or other evidence of

17                   indebtedness.

18                   (ii) A copy of the borrower's deed of trust or mortgage.

19                   (iii) A copy of any assignment, if applicable, of the borrower's mortgage

20                   or deed of trust required to demonstrate the right of the mortgage servicer

21                   to foreclose.

22                   (iv) A copy of the borrower's payment history since the borrower was

23                   last less than 60 days past due."

24     50.    Plaintiff has not received any of the documents listed in Cal. Civil Code section

25 2923.55 subsection (B), in violation of Cal. Civil Code section 2923.55, despite a request to

26 furnish the aforementioned documents.

27

28

- 9 -

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

51.     Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual consequential damages that will be proven on date of trial. Furthermore, Plaintiff has been harmed in that she was unable to exercise her rights to reinstate the loan under Cal. Civil Code section 2924c, as well as exercise her right to secure other alternatives to foreclosure.

## SECOND CAUSE OF ACTION

### STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

(Against ALL Defendants)

52.     Plaintiff hereby incorporates by this reference paragraphs 1 through 51, as though fully set forth herein.

53.     Defendants' conduct as alleged herein constitutes unlawful, unfair or fraudulent business act(s) or practice(s) within the meaning of California Business and Professions Code §17200 et seq.

54.     Specifically, Defendants are unlawfully and unfairly proceeding with foreclosure against California homeowners, including Plaintiff, in direct violation of California Civil Code foreclosure procedure statutes, including newly amended statutes implemented effective January 1, 2013 by way of AB 237 and SB 900.

55.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without contacting them to explore options to avoid foreclosure as required by law. In fact, as was the case here, Defendants are purposefully precluding homeowner attempts to apply and qualify for any and all workout options.

56.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without giving opportunity for, agreeing to or implementing a modification or workout as required by California Civil Code §2923.6 when

- 10 -

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

1  loan payments are in default or default is reasonably foreseeable and anticipated recovery under

2  the workout exceeds the anticipated recovery through foreclosure on a net present value basis.

3    57.    Plaintiff has additionally been damaged in the amount of foreclosure fees and

4  costs already charged to and added to Plaintiff's loan, in an amount to be proven at trial.

5    58.    The fees and costs charged by Defendants were charged without any legal

6  authority to do so and in direct violation of the statutory mandate of California Civil Code

7  §2923.55 and §2923.6.

8    59.    Defendants must be required to disgorge any profit or gain that they obtained as

9  a result of their wrongful conduct as herein alleged.

10    60.    Plaintiff is entitled to equitable relief in the form of an order requiring

11  Defendants to disgorge all profits or gain they have obtained from Plaintiff or at the expense of

12  Plaintiff and members of the general public by reason of their unlawful, unfair or fraudulent

13  business act(s) and practice(s) and an injunction enjoining Defendants from continuing said acts

14  or practices.

15

16  **THIRD CAUSE OF ACTION**

17  **COMMON LAW UNFAIR COMPETITION**

18  (Against ALL Defendants)

19    61.    Plaintiff hereby incorporates by this reference paragraphs 1 through 60, as

20  though fully set forth herein.

21    62.    Defendants' acts and practices as herein alleged constitute unfair competition

22  pursuant to common law of the State of California.

23    63.    Defendants' conduct as herein described, has damaged and will continue to

24  damage Plaintiff and has resulted in losses to Plaintiff and an illicit profit or gain to Defendants

25  in an amount to be proved with particularity at the trial of this matter.

26    64.    By purposefully avoiding mandatory communication requirements and curtailing

27  possible opportunities for Plaintiff to avoid foreclosure, Defendants prioritized gaining ground

28

- 11 -

EXHIBIT A

1  to proceed with the foreclosure rather than complying with California law. Plaintiff is entitled to

2  equitable relief in the form of an order requiring Defendants to disgorge all profit or gain they

3  have obtained from Plaintiff and members of the general public by reason of their wrongful

4  conduct as herein alleged, and an injunction enjoining Defendants from continuing said acts or

5  practices.

6

7

8                          **FOURTH CAUSE OF ACTION**

9      **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

10                          (Against ALL Defendants)

11         65.      Plaintiff hereby incorporates by this reference paragraphs 1 through 64, as

12  though fully set forth herein.

13         66.      By virtue of Defendants acts and practices, primarily in failing to abide by their

14  own guidelines, as well as state requirements, in offering or accepting Plaintiff's alternatives to

15  foreclosure, Defendants have breached their covenant of good faith and fair dealing.

16         67.      As a proximate result of Defendants acts and practices, Plaintiff has been

17  damaged in an amount to be proven at time of trial.

18

19                          **FIFTH CAUSE OF ACTION**

20                              **NEGLIGENCE**

21                          (Against ALL Defendants)

22         68.      Plaintiff hereby incorporates by this reference paragraphs 1 through 67, as

23  though fully set forth herein.

24         69.      Plaintiff alleges Defendants were negligent in reviewing her for foreclosure

25  prevention assistance. Defendants continuously loss documents and gave Plaintiff false and

26  untimely status updates.

27         70.      Defendants owed Plaintiff a duty of care in offering Plaintiffs loan assistance.

28

                                    - 12 -
        GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
                              DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

71.     While a financial institution typically owes no duty of care to a borrower, once lenders voluntarily offer to undertake, and in fact do undertake, the task of reviewing a borrower's loan for a loan workout, it is undisputed that they must do so with ordinary care and in good faith, and they must not leave the borrower in a worse position than they found him/her before offering to undertake, and in fact undertaking, the task. *Valdez v. Taylor Auto. Co.* (1954) 129 Cal. App. 2d 810, 817; *Aim Ins. Co. v. Culcasi* (1991) 229 Cal. App. 3d 209, 217-18. Defendants did leave Plaintiffs in a worse position.

72.     Defendants were vague in their explanations, or gave unjustified excuses. Plaintiff was left exposed to foreclosure as she continued to fall behind on her loan, rather than given the opportunity to correct her eligibility and thereby receive a modification or other assistance.

73.     The lack of proper assistance and communication by Defendants caused Plaintiff monetary loss, severe emotional stress at the loss Plaintiff's home, loss of home equity, and more.

74.     Plaintiff demands damages in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against all Defendants)

75.     Plaintiff hereby incorporates by this reference paragraphs 1 through 74, as though fully set forth herein.

76.     Plaintiff alleges Defendants negligently inflicted emotional distress upon her.

77.     Defendants wrongfully pursued foreclosing on Plaintiff's home in violation of various California statues as mentioned above.

78.     Plaintiff has directly suffered serious emotional distress in response as foreclosure is a harrowing and highly emotional experience.

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

1  79.  Plaintiff demands an award of damages for all her distress suffered in an amount

2  to be determined at trial.

3

4  **SEVENTH CAUSE OF ACTION**

5  **FOR DECLARATORY RELIEF**

6  (Against ALL Defendants)

7  80.  Plaintiff hereby incorporates by this reference paragraphs 1 through 79, as

8  though fully set forth herein.

9  81.  An actual controversy has arisen and now exists between the parties to this

10  complaint and their respecting rights and responsibilities.

11  82.  Plaintiff requests and is entitled to a judicial declaration and judgment of this

12  Court that:

13  (A)  That Defendants failed to abide by their own guidelines in offering Plaintiff

14  application for a loan modification or other alternative in violation of Civil Code §2923.6 and

15  further violated numerous communication requirements as dictated by the California

16  Homeowners Bill of Rights.

17  (B)  That Defendants and each of them, failed to provide the required statutory

18  notifications and undertake the required courses of action as mandated under California's Civil

19  Code.

20  83.  Plaintiff has no adequate remedy at law for the injuries that have occurred and

21  are being threatened by the Defendants herein.

22  84.  Plaintiff has additionally been injured in that Plaintiff has incurred unlawful

23  foreclosure fees and expenses, which have been added to the amount of Plaintiff's loan.

24  //

25  //

26  //

27  //

28

- 14 -

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

## EIGTH CAUSE OF ACTION:

### FOR INJUNCTIVE RELIEF

(Against ALL Defendants)

85.     Under California law, a borrower may bring an action for injunctive relief to enjoin a material violation of Civil Code section 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, or 2924.11.  Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the bank has corrected and remedied the violations giving rise to the action for injunctive relief.  Civil Code 2924.12.

86.     Pursuant to California Civil Code section 2924.19 (a), any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief.

87.     Also under these laws, pursuant to California Civil Code section 2924.19 (h), a court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. Id. At subsection (g).  Additionally, a borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section. Id at subsection (h).  Under the recently-enacted **California Homeowner Bill of Rights,** a mortgage servicer/bank may not record a notice of default until it complies with numerous specific conditions set forth in the statute at 2924.18 and further cannot continue foreclosure proceedings unless all rights of the borrower are considered and give.

**WHEREFORE,** Plaintiff prays for judgment against this defendant as follows:

1.     A declaratory judgment and order of this Court that:

(A)     Defendants, and each of them, may not foreclose on the Property until they have honored and proven that all statutory requirements stemming from and relating to Plaintiff's options to avoid foreclosure have been met.

- 15 -

EXHIBIT A

(B)     That Defendants failed to abide by their own guidelines in qualifying or reviewing Plaintiff for a loan modification in violation of Civil Code §2923.6.

(C)     That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

2.     For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendants from engaging in unlawful and deceptive acts and practices of foreclosing on property of California homeowners, including Plaintiff, without considering her for within their guidelines, and when anticipated recovery through a modification or workout plan exceeds anticipated recovery through foreclosure on a net present value basis.

3.     For disgorgement of Defendants' illegal profits and gain, including but not limited to all foreclosure fees and costs charged California homeowners, including Plaintiff.

4.     For an award of actual damages in an amount within the jurisdictional limits of this Court to be proven at trial.

5.     For general damages, according to proof.

6.     For special damages, according to proof.

7.     For consequential damages, and incidental damages, according to proof.

8.     For an award of reasonable attorney's fees pursuant to agreement of the parties, according to proof.

9.     For an award of interest, including prejudgment interest, as provided by law.

10.    For costs of suit; and

11.    For such other relief as the Court deems just and proper.

DATED: July 28, 2015                    KETTNER LAW CORPORATION


BY:     _____
                MARC APPLBAUM
                Attorney for Plaintiff

EXHIBIT A

<u>**AFFIDAVIT AND VERIFICATION**</u>

**(CCP § 2015.5)**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ) |
| | ) |
| **COUNTY OF CONTRA COSTA** | ) |

I, LIZETTE GONZALEZ, Plaintiff in the above entitled action against Defendants, SELECT PORTFOLIO SERVICING, INC.; JPMORGAN CHASE BANK, N.A.; U.S. BANK, N.A.; NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1 through 50, inclusive, have read the foregoing verified complaint and know the contents hereof.

I certify that the same is true to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

This lawsuit is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The claims, defenses, and other legal contentions therein are warranted by existing law, or by a non-frivolous argument for the extension, modification or reversal of existing law, or the establishment of new law.

The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 28, 2015

*Lizette Gonzalez*
LIZETTE GONZALEZ
(Electronic signature per Civil Code 1633.7)

- 17 -

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S VERIFIED FIRST COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A

**Kettner Law Corporation**
Marc Applbaum (SBN: 222511)
2150 W. Washington St., Suite 104
San Diego, CA 92110
Tel.: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlawcorp.com

Attorney for Plaintiff,

FILED

2015 JUL 29 A 11: 08

STEPHEN H. WEIR
CLERK OF THE SUPERIOR COU
COUNTY OF CONTRA COSTA, CA

BY_____DEPUTY CLERK D. WEBER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

| | |
|---|---|
| LIZETTE GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.;<br>JPMORGAN CHASE BANK, N.A.; U.S.<br>BANK, N.A.; NATIONAL DEFAULT<br>SERVICING CORPORATION; and DOES 1<br>through 50, inclusive,<br><br><br>Defendants | Case No. **C15 - 01287**<br><br>**NOTICE OF PENDENCY OF ACTION**<br>**[CCP § 405.20]**<br><br><br><br><br><br><br><br>By Fax |

     **NOTICE IS HEREBY GIVEN** that the above entitled action was filed in the above court on

July 28, 2015, LIZETTE GONZALEZ, plaintiff, against SELECT PORTFOLIO SERVICING, INC.;

JPMORGAN CHASE BANK, N.A.; U.S. BANK, N.A.; NATIONAL DEFAULT SERVICING

CORPORATION; and DOES 1 through 50, inclusive, defendants. The action effects title to real

1

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. -- PLAINTIFF'S NOTICE OF PENDENCY OF ACTION

property and the validity of foreclosure actions taken by defendants in the complaint. The specific real property is affected by the action is located in the County of Contra Costa, State of California, and described as follows:

**LEGAL DESCRIPTION**

PORTION OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 31, TOWNSHIP 2 NORTH, RANGE 3, EAST, MOUNT DIABLO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF THAT PARCEL OR LAND DESCRIBED IN THE DEED FROM JOHN REA, ET UX, TO MYRTLE CROSS, DATED JANUARY 26, 1942 AND RECORDED FEBRUARY 18, 1942 IN BOOK 659 OF OFFICIAL RECORDS, AT PAGE 255; THENCE FROM SAID POINT OR BEGINNING NORTH ALONG THE EAST LINES OF THE SAID CROSS PARCEL 148.2 FEET TO THE SOUTHEAST CORNER OF THAT PARCEL OF LAND DESCRIBED AS PARCEL ONE IN THE DEED FROM PETER WASSO, ET UX, TO JESUS L. ROMO, ET UX, RECORDED SEPTEMBER 7, 1960 IN BOOK 3698 OF OFFICIAL RECORDS AT PAGE 327: THENCE ALONG THE SOUTH AND WEST LINES OF THE SAID ROMO PARCEL (3698 OR 327), WEST 100 FEET AND NORTH 148.5 FEET TO A POINT ON THE NORTH LINE OF THE SAID CROSS PARCEL (659 OR 255); THENCE WEST ALONG THE SAID NORTH LINE 114.92 FEET TO THE NORTHEAST CORNER OF THAT PARCEL OF LAND DESCRIBED IN THE DEED FROM MYRTLE CROSS TO JEWELL FAYE CHRISTIE RECORDED MARCH 12, 1953 IN BOOK 2085 OF OFFICIAL RECORDS AT PAGE 232; THENCE SOUTH ALONG THE EAST LINE OF THE SAID CHRISTIE PARCEL (2085 OR 232) 148.5 FEET TO A POINT ON THE NORTH LINE OF THAT PARCEL OF LAND DESCRIBED IN THE DEED FROM DELTA MORTGAGE COMPANY, A CORPORATION, TO MAXIMINO R. PEREZ, JR., ET UX, RECORDED FEBRUARY 21, 1956, IN BOOK 2711 OF OFFICIAL RECORDS, AT PAGE 470; THENCE EAST ALONG THE SAID NORTH LINE AND ALONG THE NORTH LINE OF THAT PARCEL OF LAND DESCRIBED IN THE DEED FROM PETER WASSO, ET UX TO ERNEST F. GIBERSON. ET UX. RECORDED JANUARY 15, 1963 IN BOOK 4282 OF OFFICIAL RECORDS AT PAGE 161, A DISTANCE OF 73.4 FEET TO THE NORTHEASTERN CORNER OF THE SAID GIVERSON PARCEL; THENCE SOUTH ALONG THE EAST LINE OF THE SAID GIBERSON PARCEL 148.2 FEET TO A POINT ON THE SOUTH LINE OF THE SAID CROSS PARCEL (659 OR 255); THENCE EAST ALONG THE SAID SOUTH LINE 141.53 FEET OF THE POINT OF BEGINNING.

EXCEPTING THEREFROM:

THE INTEREST CONVEYED BY MYRTLE CROSS, ET AL, TO CONTRA COSTA COUNTY BY DEED DATED MARCH 15, 1952 AND RECORDED JULY 24, 1952 IN BOOK 1966 OF OFFICIAL RECORDS AT PAGE 403.

GONZALEZ v. SELECT PORTFOLIO SERVICING, INC. – PLAINTIFF'S NOTICE OF PENDENCY OF ACTION

EXHIBIT A

ALSO RESERVING THEREFROM:

ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS NOW OR AT ANY TIME HEREAFTER SITUATED THEREIN AND THEREUNDER. TOGETHER WITH ALL EASEMENTS AND RIGHTS NECESSARY OR CONVENIENT TOR THE PRODUCTION. STORAGE AND TRANSPORTATION THEREOF AND THE EXPLORATION AND TESTING, STORAGE AND TRANSPORTATION THEREOF AND THE EXPLORATION AND TESTING OF SAID REAL PROPERTY AND ALSO THE RIGHT TO DRILL FOR, PRODUCE AND USE WATER FROM SAID REAL PROPERTY IN CONNECTION WITH ITS DRILLING AND MINING OPERATION THEREON, AS RESERVED IN DEED BY BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, TO JOHN REA AT UX RECORDED OCTOBER 6, 1939, IN BOOK 520 OF OFFICIAL RECORDS, PAGE 423.

FURTHER EXCEPTING THEREFROM:

THAT PORTION THEREOF DESCRIBED IN THE DEED TO PETER WASSO, ET UX, RECORDED FEBRUARY 18, 1965 IN BOOK 4807, OR, PAGE 234, CONTRA COSTA COUNTY RECORDS.

APN: 033-040-035-9

DATED: July 28, 2015                    KETTNER LAW CORPORATION


BY:   _____

MARC APPLBAUM
Attorney for Plaintiff

3

EXHIBIT A

SUPERIOR COURT - MAR. .iEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

GONZALEZ VS. SELECT PORTFOLIO

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC15-01287

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  12/16/15      DEPT:  09      TIME:   9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                           SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  07/29/15          _____
                          D. WEBER
                          Deputy Clerk of the Court

EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KETTNER LAW CORP.<br>Marc Applbaum (SBN 222511)<br>2150 West Washington Street #104<br>San Diego, CA 92110<br>TELEPHONE NO: 619-756-7300   FAX NO: 619-363-3944 | **FILED** |

ATTORNEY FOR *(Name):* Lizette Gonzalez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

2015 JUL 29  A 11: 07

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: _____ DEPUTY

CASE NAME:
Gonzalez v. Select Portfolio Servicing Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | C 15 - 01987 |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☑ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☑ is not a class action suit.    *By Fax*
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/28/2015
Marc Applbaum
(TYPE OR PRINT NAME)
▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

- a.   The Summons.
- b.   The Complaint
- c.   The Notice of Case Management (shows hearing date and time)
- d.   **Blank** Case Management Statement (Judicial Council Form CM-110)
- e.   **Blank** Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response** — YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time** — Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home, or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time** — by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*,

6. **Consider trying to settle your case before trial** — If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

Local Court Form - Instructions
CV-655cNew, 11/03/2007

EXHIBIT A

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

For complaints that are NOT verified:

Use Judicial Council form PLD-050 – General Denial

For complaints that ARE verified:

    a.  For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

    b.  For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

    c.  Be sure to deny every claim with which you disagree. For example, you might write: "I believe, or know, that the information in paragraph # __ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.

NOTE: The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.

    a.  For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b.  For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an Answer at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer (the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);
2. Motion to Strike (the complaint is unclear; does not follow the law, "doesn't matter", etc.);
3. Motion to Transfer (the complaint is in the wrong court or there's a more appropriate court);
4. Motion to Quash Service of Summons (you were not legally served);
5. Motion to Stay (put the case on hold); or
6. Motion to Dismiss (stops the case).

    NOTE: Motions are very complicated and you may want to hire a lawyer to help you.

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:  (925) 825-5700
- Bay Area Legal Aid:  (800) 551-5554
- Contra Costa County Law Library    Martinez: (925) 646-2783    Richmond: (510) 374-3019
- Ask the Law Librarian:  www.247ref.org/portal/access_law3.cfm

Local Court Form – Instructions
CV-655W Rev. 11/03/2007

EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____
Defendant(s) / Cross-Defendant(s)

**_ADR Case Management Stipulation and Order_**
_(Unlimited Jurisdiction Civil Cases)_

CASE NO:_____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation   (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration   (☐ Judicial Arbitration (non-binding)   ☐ Private (non-binding),   ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by (date):_____ (no more than 14 days after filing this form)
   c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)

2. The parties will complete the following discovery plan:
   a. ☐ Written discovery   (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |

---

Pursuant to the stipulation of the parties, and subject to the _Case Management Order_ to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.

Dated:_____                          _____
                                        Judge of the Superior Court

Local Court Form – Optional
CV-655a/Rev. 4/26/2010

Local Court Rule 5 9(X)(X-)(6)

EXHIBIT A

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:     Time:     Dept.:     Div.:     Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties (answer one):
  a. ☐ This statement is submitted by party (name):
  b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
  a. The complaint was filed on (date):
  b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
  a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. ☐ The following parties named in the complaint or cross-complaint
    (1) ☐ have not been served (specify names and explain why not):

    (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

    (3) ☐ have had a default entered against them (specify names):

  c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. Description of case
  a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

CASE MANAGEMENT STATEMENT

EXHIBIT A

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐   (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial.   (If more than one party, provide the name of each party requesting a jury trial.)

6.   Trial date
a.  ☐  The trial has been set for (date):
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.   Estimated length of trial
The party or parties estimate that the trial will take (check one):
a.  ☐  days (specify number):
b.  ☐  hours (short causes) (specify):

8.   Trial representation (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                          f.   Fax number:
e.   E-mail address:                              g.   Party represented:
☐  Additional representation is described in Attachment 8.

9.   Preference
☐  This case is entitled to preference (specify code section):

10.   Alternative dispute resolution (ADR)
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   Referral to judicial arbitration or civil action mediation (if available).
(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

EXHIBIT A

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
| --- | --- | --- |
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5

EXHIBIT A

|  | CASE NUMBER: | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | | |
| DEFENDANT/RESPONDENT: | | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement (name):
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other (specify):

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

CM-110 [Rev. July 1, 2011]       **CASE MANAGEMENT STATEMENT**       Page 3 of 6

EXHIBIT A

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**      Page 6 of 6

EXHIBIT A



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators also ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

EXHIBIT A

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration. If they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

1 | Gonzalez v. Select Portfolio Servicing Inc.
Superior Court of California, County of Contra Costa
2 | Case No. CIVMSC15-01287

3

### DECLARATION OF SERVICE

4

5     I, the undersigned, declare: I am, and was at the time of service of the papers herein refereed to,
over the age of 18 years old, and not a party to this action. My business address is 2150 W. Washington
6 | St., Suite 104, San Diego, CA 92110.

7     On August 04, 2015, I served the following document:

8

9 | **SUMMONS, CIVIL CASE COVER SHEET, COMPLAINT, NOTICE OF PENDENCY OF ACTION, NOTICE OF CASE MANAGEMENT CONFERENCE, ADR PACKET**

10 | on the parties in this action addressed as follows:

11

12 | NATIONAL DEFAULT SERVICING CORPORATION
CT Corporation System
13 | 818 West 7th Street, Ste 930
Los Angeles, CA, 90017

14

15   X  **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am
16 | aware that on motion of party served, service is presumed invalid if postal cancellation date or
17 | portage meter date is more than one day after date of deposit for mailing in affidavit.

18     **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated above via certified mail, return receipt requested.
19

20     I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.
21

22     Executed this 4th day of August, 2015, at San Diego, California.

23

24

25 | ERIN MACLEOD

26

27

28

1

DECLARATION OF SERVICE

EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kettner Law Corp<br>Marc Applbaum (SBN 222511)<br>2150 W. Washington St., Suite 104<br>San Diego, CA 92110<br>TELEPHONE NO.: 619-756-7300   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* em@kettnerlawcorp.com<br>ATTORNEY FOR *(Name):* Lizette Gonzalez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Gonzalez

DEFENDANT/RESPONDENT: Select Portfolio Servicing Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2015-00025002-CU-OR-CTL |
|---|---|

TO *(insert name of party being served):* National Default Servicing Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 08/04/2015

Erin MacLeod
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
       Civil Case Cover Sheet, Notice of Pendency of Action, Notice of Case Management Conference,
       ADR Packet / Stipulation

*(To be completed by recipient):*

Date this form is signed:

_____              _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                 ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**   Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kettner Law Corp<br>Marc Applbaum (SBN 222511)<br>2150 W. Washington St., Suite 104<br>San Diego, CA 92110<br>TELEPHONE NO.: 619-756-7300          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* em@kettnerlawcorp.com<br>ATTORNEY FOR *(Name):* Lizette Gonzalez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Gonzalez

DEFENDANT/RESPONDENT: Select Portfolio Servicing Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2015-00025002-CU-OR-CTL |
|---|---|

TO *(insert name of party being served):* National Default Servicing Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 08/04/2015

Erin MacLeod
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Civil Case Cover Sheet, Notice of Pendency of Action, Notice of Case Management Conference,
   ADR Packet / Stipulation

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT A